UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JACK TAYLOR, JR.,

                                        Plaintiff,

           v.                                        1:16-CV-1120
                                                            (LEK/CFH)
THE PEOPLE OF THE STATE OF NEW YORK;

                                        Defendant.

---

**APPEARANCES:**

JACK TAYLOR, JR.
10-A-0990
Groveland Correctional Facility
P.O. Box 50
Sonyea, New York 14556
Plaintiff pro se

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

Presently before this Court for review are an application to proceed in forma pauperis ("IFP") and a complaint filed by pro se plaintiff Jack Taylor, Jr. Dkt. No. 1 ("Compl."), 2. Plaintiff has not paid any fee relating to this action. Id.

### I. In Forma Pauperis

After reviewing plaintiff's In Forma Pauperis Application ("IFP"), Dkt. No. 2, the undersigned has concluded that the Court finds that plaintiff's financial status qualifies

him to proceed in this matter IFP.[1]

## II. Review of Complaint

### A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

### B. Initial Review

Plaintiff's complaint is difficult to understand. He names only the People of the State of New York as a defendant, though review of the complaint suggests that he intended to name the District Attorney who prosecuted his case.[2] He appears to contend that he was wrongfully convicted of rape because "[t]he D.A. didn't have any evidence to prove [he] raped [the victim]" as there was no rape kit used, no DNA found, and because he was not asked to take a polygraph test. Compl. at 2. He further

---

[1] Plaintiff is advised that he will be required to pay any costs that may be incurred in this matter, including copying and/or witness fees.

[2] Plaintiff does not provide the County in which his criminal case was prosecuted or the District Attorney who prosecuted the case.

2

contends that the D.A. "used" his mental illness and the fact that he was taking medication for depression to "get [him] to take the plea deal." Id. He further argues that his statement given to the police was tampered with "or had what [he] staid tooking [sic] out and changed after [he] told the police officer[.]" Id. at 3. Plaintiff also contends that he was improperly denied the opportunity to see a victim's statement, rape kit, or pictures of injuries. Id. Plaintiff contends that Mr. Patrick E. Barber, who he does not identify, but appears to have been his attorney, "didn't do his job and he never came out talk to me till [sic] it was time for Court." Id. at 3. Plaintiff requests to "have [his] records and [his] name cleard [sic] of all charges [] and to have the permision [sic] to go and change [his] name after this is done," "[t]o have all my debt cleard [sic] and have my child sopport [sic] paiud in full no back child soport [sic] to pay," "[t]o be payed [sic] for all the pain and suffering [him] and [his] family went through and to have an order of pertection [sic] but against [redacted]," and that "all charges are removed from case file and that [he's] released to go home to [his] family a free man and have money to help [him] out." Id. at 3-4.

Here, liberally reading the complaint, it is clear that plaintiff is seeking to challenge his underlying conviction as either unsupported by the evidence or void due to ineffective treatment of counsel. An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983; see also German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities

3

secured by the Constitution and laws of the United States.") (quotations omitted).³

The Supreme Court in Heck v. Humphry, 512 U.S. 477 (1994), has directed

> when a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been evaluated.

Jenkins v. Haubert, 179 F.3d 19, 23 (2d Cir. 1999). The fact that plaintiff is seeking, in part, injunctive relief does not require a different finding. Loyd v. Cuomo, 8:14-CV-829 (GLS/CFH), 2015 WL 3637409, at *2 (N.D.N.Y. June 10, 2015) ("[T]he Supreme Court has explained that the Heck rule applies 'no matter the relief sought (damages or equitable relief).'") (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) and citing Caswell v. Green, 424 F. App'x 44, 45 (2d Cir. 2011)). As judgment in favor of plaintiff in this action would necessarily imply the invalidity of his conviction, it is barred by Heck. 512 U.S. at 486-87.

In light of plaintiff's pro se status, an opportunity to amend generally would be recommended prior to outright dismissal. However, in this instance, Heck bars any of these claims unless or until the invalidation of plaintiff's conviction. As this has yet to happen, amendment is futile and unnecessary. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to re-plead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has

---

³ Plaintiff's writ for habeas corpus relief was denied by this Court in October 2011 relating to this underlying conviction. Clemmons v. Artus, 9:09-CV-213 (GTS).

4

inadequately or inartfully pleaded and that she should therefore be given a chance to reframe."). Although the undersigned does not recommend that plaintiff be given an opportunity to amend his complaint in connection with this proceeding, it is recommended that the dismissal be without prejudice, "because the suit may be reinstated should plaintiff's conviction be expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" Amaker, 179 F.3d at 52 (quoting Heck, 512 U.S. at 487).

### III. Conclusion

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's in forma pauperis application (Dkt. No. 2) is granted; and it is

**RECOMMENDED** that plaintiff's claims be **DISMISSED in their entirety, without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 26 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED.**

Dated: October 5, 2016
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge