UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

**JACK TAYLOR, JR.,**

        **Plaintiff,**

      **-v-**          **1:16-CV-1120 (NAM/CFH)**

**THE PEOPLE OF THE STATE OF NEW YORK,**

        **Defendant.**

◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

APPEARANCES:

Jack Taylor, Jr.
10-A-0990
Groveland Correctional Facility
P.O. Box 50
Sonyea, New York 14556
Plaintiff, *pro se*

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff is an inmate in the custody of New York State Department of Corrections and Community Supervision ("DOCCS") pursuant to a 2009 conviction for rape, third degree, based on a plea of guilty before the County Court of Washington County, New York. He was sentenced to six months in jail and 10 years of probation. The Appellate Division, Third Department, affirmed his conviction, and the New York Court of Appeals dismissed his application for leave to appeal. *See People v. Taylor*, 70 A.D.3d 1066, 892 N.Y.S.2d 919 (3d Dep't 2010), *leave to appeal dismissed*, 16 N.Y.2d 746 (2011). According to the DOCCS Inmate Lookup website, plaintiff was returned from parole to DOCCS custody on March 19, 2015; his earliest release date is now March 20, 2017. *See* http://nysdoccslookup.doccs.ny.gov/ .

On September 14, 2016, plaintiff filed this *pro se* complaint. The handwritten portions, which he filled in on a form headed "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," include the following in the section for "Facts":

> The D.A. didn't have any evidence to prove I raped [redacted], no rape kit, no DNA and I was never asked to take a polygraph. The[y] used my mental[] illness and me being on depression meds to get me to take the plea deal. The wrongful conduct is that my statement I gave to the police officers for the 2008 case ... that was used for the Grand Jury Exhibit or as Evidence against me has been ta[m]pered with or had what I said tooking [*sic*] out and changed after I told the police officer H.R. Diamond....
>
> Mr. Patrick E. Barber [apparently plaintiff's defense attorney at trial] didn't do his job and he never came to talk to me till it was time for court. Mr. Patrick Barber has been disbar[re]d that's why I'm trying to fight this.

In the sections for "Causes of Action" plaintiff wrote:

> FIRST CAUSE OF ACTION
> To have my records and my name clear[e]d of all charges....
>
> SECOND CAUSE OF ACTION
> To have all my debt clear[e]d and have my child support paid in full, no back child sup[p]ort to pay.
>
> THIRD CAUSE OF ACTION
> To be pa[id] for all the pain and suffering me and my family went through and to have a order of p[ro]tection put against [redacted].

Under "Prayer for Relief" plaintiff wrote:[1]

> That all charges are removed from case file and that I'm released to go home to my family a free man and have money to help me out.

In his Report and Recommendation and Order (Dkt. No. 3), United States Magistrate Judge Christian F. Hummel granted plaintiff's application (Dkt. No. 2) for *in forma pauperis*

---

[1] Plaintiff also seeks a court-ordered name change. This relief is denied without prejudice. A New York State resident seeking a court-ordered name change may apply for such relief under New York State Civil Rights Law, §§ 60-65.

status and conducted initial review under 28 U.S.C. § 1915(e). Treating the complaint as one seeking relief under 42 U.S.C. § 1983, Magistrate Judge Hummel recommended dismissal without prejudice based on *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff has filed an objection (Dkt. No. 4), in which he states: "The relief I am seeking and want granted is to have my name clear[e]d from all cases and the [criminal] case not allowed to be reinstated." In view of the nature of the objection and plaintiff's *pro se* status, the Court reviews all issues *de novo*. *See* 28 U.S.C. § 636(b)(1).

In a claim under 42 U.S.C. § 1983, a party may seek equitable and monetary relief against a person acting under color of state law for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. To the extent that plaintiff's complaint may be read as a section 1983 complaint seeking such relief – perhaps against the police or the Assistant District Attorney who prosecuted his case in Washington County Court – this Court agrees with Magistrate Judge Hummel that it is barred by *Heck* and should be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

Plaintiff's complaint also, however, clearly challenges the validity of his New York State conviction and seeks immediate release on the ground that he is in custody in violation of the United States Constitution. Specifically, plaintiff requests that the criminal charges against him be "removed" and that he be released from prison based on his arguments that his conviction was obtained in violation of his Sixth Amendment right to counsel (because he received ineffective representation) and his Fifth and Fourteenth Amendment rights to due process (because it was based on falsified and insufficient evidence). Plaintiff can pursue this relief only by way of a

-3-

*habeas corpus* application under 28 U.S.C. § 2254. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release ... his sole federal remedy is a writ of *habeas corpus*."). Therefore, these claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), without prejudice to an application under 28 U.S.C. § 2254.[2] The Court notes that plaintiff may move for *habeas corpus* relief regardless of whether he has obtained a "favorable termination" within the meaning of *Heck*. *See Peralta v. Vasquez*, 467 F.3d 98, 102-04 (2d Cir. 2006). The dismissal of these claims is based not on the *Heck* rule, but on the ground that they are not cognizable claims in an action under 42 U.S.C. § 1983. The Court expresses no view as to whether a *habeas corpus* application would be procedurally barred, time barred, or otherwise subject to dismissal or denial.

The Report and Recommendation is modified to the extent of adding this brief discussion of 28 U.S.C. § 2254, and, as modified, is accepted.

It is therefore

ORDERED that the Report and Recommendation is modified in accordance with the Memorandum-Decision and Order herein and, as modified, is accepted; and it is further

ORDERED that the action is dismissed without prejudice in accordance with 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and it is further

ORDERED that the Clerk is directed to serve copies of this Memorandum-Decision and

---

[2] The Court notes that footnote 3 on page 4 of the Report and Recommendation, indicating that plaintiff had previously filed an application for *habeas corpus* relief that was denied by Judge Glenn T. Suddaby in October 2011, is incorrect. Plaintiff was not the petitioner in the case cited, nor is there any record of any *habeas corpus* application filed in this district by plaintiff. Therefore, it appears that, if plaintiff decides to file a section 2254 application, it will be a first – not a second or successive – application. *See* 28 U.S.C. § 2244(b).

Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date: November 8, 2016
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge